# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAMAR MAURICE WILLIAMSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-4470** |
| **STATE OF LOUISIANA, ET AL.** | **SECTION "F" (1)** |

## ORDER AND REASONS

Plaintiff, Lamar Maurice Williamson, a state prisoner, filed this *pro se* and *in forma pauperis* complaint naming as defendants the State of Louisiana, St. Tammany Parish, the St. Tammany Parish Sheriff's Office, the St. Tammany Parish Jail, Warden Al Strain, and unidentified members of the St. Tammany Parish Jail staff. On October 29, 2008, the claims against the State of Louisiana, St. Tammany Parish, the St. Tammany Parish Sheriff's Office, and the St. Tammany Parish Jail were dismissed.[1]

On April 14, 2009, Warden Strain filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56.[2] Plaintiff has opposed that motion.[3] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[4]

The Court may grant summary judgment when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis

---

[1] Rec. Doc. 7.

[2] Rec. Doc. 30.

[3] Rec. Doc. 40.

[4] Rec. Doc. 23.

for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996).

In this lawsuit, plaintiff contends that he (1) was confined in a holding cell for fifteen days without a bed or blanket, (2) denied a bible, and (3) denied the opportunity to bathe at least three times per week. Warden Strain argues that those claims must be dismissed because plaintiff failed to exhaust his administrative remedies. For the following reasons, this Court agrees.[5]

The Prison Litigation Reform Act of 1995 ("PLRA"), as amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's

---

[5] Because the Court agrees that this lawsuit must be dismissed based on plaintiff's failure to exhaust his administrative remedies, the Court need not address the alternative grounds for dismissal asserted in defendant's motion.

exhaustion requirement applies to *all* inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002) (emphasis added). Exhaustion is *mandatory* in cases covered by § 1997e(a). Id. at 524.

If an inmate files in federal court an *in forma pauperis* complaint asserting claims that have not been exhausted through available administrative remedies, those claims should be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. See Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998); see also Wiley v. Mangrum, 146 Fed. App'x 757, 758 (5th Cir. 2005); North v. Travis, Civ. Action No. 07-9255, 2008 WL 4810089, at *1 (E.D. La. Oct. 29, 2008).

In support of his motion, Warden Strain submitted the affidavit of Deputy Warden Greg Longino. In that affidavit, Longino summarized the St. Tammany Parish Jail's complaint and administrative remedy procedures:

> 4. The St. Tammany Parish Jail implemented an Inmate Complaint Procedure in May 2005, which was in place and available to all inmates at the St. Tammany Parish Jail at the time the events in the above captioned lawsuit occurred.
>
> 5. The Inmate Complaint Procedure was implemented in order for inmates to try to resolve their problems before filing a grievance through the jail's administrative remedy procedure.
>
> ....
>
> 7. If an inmate's complaint is not remedied through the inmate complaint procedure, the inmate may then proceed to the jail's official grievance process, which is called the Administrative Remedy Procedure.
>
> 8. The St. Tammany Parish Jail has an administrative grievance process called the Administrative Remedy Procedure (ARP) in place and available to all

inmates incarcerated at the St. Tammany Parish Jail and was available to all inmates at the time the events alleged in the above captioned lawsuit occurred.

9. All inmates are entitled to use the jail's administrative remedy procedure, including Department of Corrections inmates, parish jail inmates, and pre-trial detainees.

10. A summary of the jail's administrative remedy procedure may be found in the St. Tammany Parish Jail Inmate Handbook that is given to every inmate who is booked into the St. Tammany Parish Jail. ...

11. A copy of the complete administrative remedy procedure could also be found in the St. Tammany Parish Jail law library wherein access to the procedure is available to all inmates and was available to all inmates.

12. Both the Inmate Complaint Procedure and the Administrative Remedy Procedure were posted in every housing unit of the St. Tammany Parish Jail.

13. The complaint form and grievance forms were available in every housing unit at the St. Tammany Parish Jail and were made easily accessible to all inmates.

14. An inmate could also ask any jail deputy for the complaint or grievance forms.

15. To initiate the grievance process, an inmate must fill out the inmate grievance form, which is made easily accessible to all inmates in the jail. In lieu of the form, an inmate may submit a written communication containing the words "This is a grievance though the ARP."

16. Under the grievance procedure available at the time of the alleged incident, a grievance must have been filed within ninety (90) days from the date of the incident giving rise to the grievance occurred. Any grievance filed more than ninety (90) days after the incident is rejected as untimely.

17. As the Deputy Warden/Inmate Affairs Director, I am the First Level Respondent in the grievance process. As the First Level Respondent, I must respond to the inmate's grievance within fifteen (15) days from the date the request is referred to me. This step is designated as the First Step Review.

18. If an inmate is not satisfied with the results of the First Step Review, the inmate may appeal to the Warden within five (5) days of the inmate's receipt

of the response by the First Level Respondent. This step is designated the Second Step Review. The Warden has twenty-five (25) working days to reply to the appeal.

19. If an inmate does not like the results of the Second Step Review, the inmate may appeal to the Sheriff within five (5) days of the inmate's receipt of the reply. The Sheriff has forty (40) working days to reply to the appeal.

20. If the inmate is not satisfied with the results of this final level of review of the jail's administrative process, he may then file suit.

21. The inmate, Warden, or Sheriff may request a five (5) working day extension of time in responding to the grievance.

22. If an inmate does not receive a response to a grievance or appeal within the time allowed by the First Level Respondent, Warden or the Sheriff, an inmate would still be required to follow through to the next step of the grievance process.

....

24. Inmate Lamar Williamson never submitted the alleged handwritten document, which he states is a "formal complaint," which attached to his federal complaint.

25. Inmate Lamar Williamson submitted only one grievance concerning the condition of confinement claims upon which his lawsuit is based and this grievance, which I received on August 28, 3008 [sic], which was returned for failing to follow the proper procedure.

26. Inmate Lamar Williamson never properly filed a grievance concerning his claims set forth in the above captioned lawsuit as required by the St. Tammany Parish Jail's Administrative Remedy Procedure.[6]

Copies of the Inmate Complaint Procedure and the Inmate Grievance Administrative Remedy Procedure were attached to defendant's motion.

---

[6] Rec. Doc. 30, Affidavit of Deputy Warden Greg Longino.

Plaintiff contends that he submitted a handwritten complaint regarding his claims on August 20, 2008, presumably in an effort to comply with pre-ARP complaint process. That purported complaint apparently never reached the jail officials. When plaintiff received no response to the complaint, he submitted a formal grievance pursuant to the ARP on August 27, 2008. That grievance was rejected the following day on the ground that there was no evidence that he had first filed a pre-ARP complaint as required. Plaintiff was instructed to ask the jail runner for a complaint form to properly file a complaint.[7] There is no evidence that plaintiff either appealed the rejection of the first-step grievance or filed a new complaint as instructed. Instead, he simply proceeded directly to federal court.

In light of the foregoing, it is evident that a disputed factual issue exists as to whether plaintiff in fact submitted to prison officials the required pre-ARP complaint. However, for the following reasons, the Court finds that resolution of that factual issue is unnecessary in this case.

As noted, the St. Tammany Parish Jail requires inmates to submit a pre-ARP complaint. If the inmate's concerns are not resolved through that informal process, then the inmate must file a formal grievance. If that grievance is denied, the inmate must proceed to the second step of the ARP by filing an appeal with the Warden. If the Warden fails to grant the requested relief, the inmate must then proceed to the third and final step of the ARP by filing an appeal with the Sheriff.

Even if plaintiff in fact submitted the pre-ARP complaint and the first-step grievance as he alleges, it is undisputed that, when his first-step grievance was denied, he failed either to proceed to the second and third steps of the grievance procedure or to refile his pre-ARP complaint as

---

[7] Plaintiff attached to his federal complaint copies of the purported pre-ARP complaint and the first-step grievance and response.

suggested by prison officials. It is that fact which is determinative in this case. The United States Fifth Circuit Court of Appeals has noted: "'Exhaust' is defined as 'to take complete advantage of (legal remedies).'" Underwood v. Wilson, 151 F.3d 292, 294 (5th Cir. 1998) (quoting Webster's New Int'l Dictionary 796 (3rd ed. 1981)). Therefore, a plaintiff's administrative remedies are not exhausted unless he has pursued his grievance through the *conclusion* of a multi-step administrative remedy procedure. Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). Accordingly, it is not sufficient that plaintiff initiated the available administrative remedies because he subsequently abandoned the process rather than pursue it to its conclusion.

This Court is not unsympathetic to the plight of prisoners who in good faith attempt to navigate the sometimes labyrinthine administrative remedy procedures only to have their efforts frustrated by unhelpful and unresponsive prison officials. Nevertheless, the fact remains that Congress has provided that exhaustion of such remedies is required. If the federal courts were to allow inmates to abandon the administrative procedure in the midst of the process, the clear intent of Congress would be thwarted. The United States Supreme Court has noted:

> Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All "available" remedies must now be exhausted; those remedies need not meet federal standards, nor must they be "plain, speedy, and effective." ...
>     Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might "filter out some frivolous claims." And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (citations omitted).

Because plaintiff did not pursue his administrative remedies to their completion, thereby giving prison officials a fair opportunity to consider and possibly resolve his claims, it is not appropriate for this Court to consider those claims.

Accordingly,

**IT IS ORDERED** that Warden Al Strain's motion for summary judgment is **GRANTED** and that plaintiff's remaining claims are dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, based on his failure to exhaust his administrative remedies.[8]

New Orleans, Louisiana, this twenty-first day of May, 2009.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] The Court notes that plaintiff indicated in his complaint that he was also suing unnamed members of the St. Tammany Parish Jail Staff. However, he never properly identified or served those defendants. Claims against unidentified defendants are subject to dismissal as frivolous and for otherwise failing to state a claim upon which relief can be granted. Everson v. N.O.P.D. Officers (Names Unknown), Civ. Action No. 07-7027, 2009 WL 122759, at *2 (E.D. La. Jan. 15, 2009); August v. Gusman, Civ. Action No. 06-3962, 2008 WL 466202, at *7 (E.D. La. Feb. 13, 2008); Staritz v. Valdez, No. 3-06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); Banks v. United States, Civ. Action No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007). In this case, it would be futile to give plaintiff an additional opportunity to properly identify the unidentified defendants, because the claims against them would still clearly be subject to dismissal based on his failure to exhaust his administrative remedies.